NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0272n.06

No. 21-3129

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FERNANDO ARANDA-AVILEZ,

    Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)

**FILED**
Jul 12, 2022
DEBORAH S. HUNT, Clerk

ON PETITION FOR REVIEW FROM THE BOARD OF IMMIGRATION APPEALS

Before: KETHLEDGE, BUSH, and NALBANDIAN, Circuit Judges.

KETHLEDGE, Circuit Judge. Fernando Aranda-Avilez petitions for review of an order of the Board of Immigration Appeals denying his cancellation of removal to Mexico. We dismiss the petition in part and deny it in part.

Aranda-Avilez and his wife have three children who are United States citizens. The family lives together in a house that Aranda-Avilez owns. In October 2013, Aranda-Avilez was arrested for driving while intoxicated; soon afterward, the Department of Homeland Security served Aranda-Avilez with a notice to appear for removal proceedings, charging him with removability. 8 U.S.C. § 1182(a)(6)(A)(i). Aranda-Avilez pled guilty to driving while intoxicated; in his immigration case, he later conceded his removability but applied for cancellation of removal. To obtain that relief, Aranda-Avilez needed to show that his "removal would result in exceptional and extremely unusual hardship" to his U.S.-citizen children. 8 U.S.C. § 1229b(b)(1)(D). At his removal hearing, Aranda-Avilez testified that, if he were removed, he would move back to Mexico without his family and would not be able to find work there. He also testified that his wife had

been sick and unable to work, but was able to work again. He also submitted a social worker's report, which asserted that Aranda-Avilez's children would suffer "immense loss and tremendous harm" if he were removed to Mexico.

The IJ denied Aranda-Avilez's application on the grounds that his children would not suffer "exceptional and extremely unusual hardship" if he were removed to Mexico. The Board denied relief for the same reasons. This petition followed.

Where, as here, the Board issues its own opinion, we review that opinion as the final agency determination; we also review the immigration judge's decision to the extent the Board adopted its reasoning. *See Zhao v. Holder*, 569 F.3d 238, 246 (6th Cir. 2009). Although we lack jurisdiction to review the IJ's factual findings, the question whether the facts that the IJ did find amount to "exceptional and extremely unusual hardship" is a mixed question of law and fact that we can review. *Singh v. Rosen*, 984 F.3d 1142, 1150 (6th Cir. 2021).

As an initial matter, Aranda-Avilez challenges the IJ's factual findings. We lack jurisdiction to review those determinations. *Id.* More to the point, Aranda-Avilez argues that the Board violated its own precedent when it applied the hardship factors in his case. But the Board's precedent says that hardship is "exceptional and extremely unusual" only when it is "substantially beyond" the ordinary hardship that would "be expected to result" from removal. *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 69 (BIA 2001). Here, the situation that Aranda-Avilez's children face is not extremely unusual in a family facing a parent's removal. The children of removed persons often remain in the United States with one parent, and face financial difficulty as a result. *See*, *e.g.*, *Lopez-Mejia v. Garland*, 2022 WL 1561353, at *2 (6th Cir. May 18, 2022). Moreover, the IJ found that Aranda-Avilez's wife and oldest son (age 21 at the time of the hearing) could

2

work full-time in Aranda-Avilez's absence. Aranda-Avilez provides us no basis to find that the hardship to his children here would be substantially beyond that in similar cases.

Aranda-Avilez also argues that the Board offered only a conclusory statement and violated due process as to why he failed to meet the "exceptional and extremely unusual hardship" standard. But the Board adopted the IJ's analysis, which was itself thorough and applied the appropriate legal standard. The Board was not required to regurgitate the IJ's reasoning itself. *Zhao*, 569 F.3d at 246. Nor does the Board "violate an alien's rights to due process" when it affirms the immigration judge without even issuing its own opinion. *Denko v. I.N.S.*, 351 F.3d 717, 729–30 (6th Cir. 2003). And the Board's opinion did not hinder our ability to review its reasoning.

The petition for review is dismissed in part and denied in part.